EDGAR M. SLOCOMB, Administrator, *vs.* WILLIAM POWERS.

The filing of several pleas under the provisions of chapter 185, § 5, of the Revised Statutes, may be done only by leave of court, and although the asking leave has become here as in England a matter of course, the power still remains in the court, to be exercised on a proper occasion, to prevent the filing of frivolous or dilatory pleas.

A writ described an action as "an action of the case for trover and conversion of certain personal property." *Held*, a sufficient compliance with the statute provision, Rev. Stat. chap. 178, §§ 5–7, that the writ shall require the defendant to answer "in an action of as by declaration to be filed in court will be fully set forth." Whether describing it as an action of the case merely would be considered as giving sufficient notice, *quære.*

Although under the provisions of § 3, chap. 178, of the Revised Statutes, a writ cannot be served by a deputy sheriff where a sheriff is a party, yet a writ in which a deputy sheriff is a party may be served by another deputy sheriff.

ACTION OF TROVER, brought by the administrator of B. A. Slocomb, deceased, who was in his lifetime a deputy sheriff, for the conversion by the defendant of certain liquors which had been attached and then delivered to the defendant upon his receipt and agreement to return them upon the determination of the suit wherein the attachment was made. The case was now heard upon the plaintiff's motion to strike out certain pleas filed by the defendant. The substance of the pleas, and the grounds of the motion, are stated in the opinion of the court.

*Aldrich & Jenckes*, for the motion.

*C. P. Robinson*, *contra*.

POTTER, J. Action of trover. Several pleas in abatement to the writ : 1st. That the writ does not set forth the time and place of conversion. 2d. That it contains no description of the property. 3d. That it sets forth no property or right of possession in the plaintiff. 4th. That the sheriff is really a party to the suit, — the deceased, Slocomb, whose administrator the plaintiff is, having been a deputy sheriff; and that therefore the writ should have been directed to and served by the town sergeant (as provided for in cases where the sheriff is a party), and not to the sheriff and his deputies, as was done in the plaintiff's writ.

The plaintiff moves to strike out these pleas : 1st, as frivolous and immaterial; 2d, because they all belong to the same class of pleas, and the defendant has a right to file only one. The English statute of 4 Anne, c. 16, § 4, which first gave leave to file several pleas, and which was long ago reënacted in this state (see Revised Statutes, chap. 185, § 5), provides that it may be done only by leave of court. And this provision has been used by the courts to retain a control over the number and nature of the pleas to subserve the purposes of justice, sometimes imposing terms as to requiring certain admissions to be made, &c., &c. 1 Evans's Statutes, 231, n. And under this power the courts have refused to permit more than one plea in abatement to be filed, such pleas being always looked upon with disfavor, as not being within the spirit of the act. The defendant being actually in court, there is no reason why he should not contest the case upon its merits. Stephens on Pleading, 276* ; Tidd's Practice, 641. And the power of amendment under our statute is so broad that very little except delay can ordinarily be gained by a plea in abatement.

The asking leave of court was formerly actually practised in England; Tidd's Practice, 657 ; but it soon became a matter of course there, and so here in this state. But the power still remains in the court, to be exercised on a proper occasion. The court have power in a proper case to prevent frivolous, or dilatory, or catching pleas. *Orange* v. *Berry*, 4 Foster, 105, 107 ; *Pitt* v. *Knight*, 1 Saund. 92, n. 3 ; *Yates* v. *Carlyle*, 1 Wm. Bl. 270.

In the practice of some states the course has been, upon over-ruling a frivolous plea, to consider the case as defaulted; but that could not be under our practice where all the pleas are generally filed at the same time, the proper order being observed. The motion to strike out, in these cases, takes the place of a formal demurrer. And it is not necessary here to decide whether we would allow the defendant a choice to retain one of them, as we consider them all insufficient.

The first three pleas relate to the description of the cause of action. The writ describes the action as an " action of the case for trover, and conversion of certain personal property." The defendant contends that the writ should have set forth the time and place, described the property, and alleged it to be the plain-tiff's. Our statute requires only that the writ should require the defendant to answer " in an action of [blank], as by declaration to be filed in court will be fully set forth." Under this, it is believed that the practice of our oldest lawyers has been to make the description in the writ very general, referring the defendant to the declaration for a full description of the claim. And we think this is a sufficient compliance with the statute. An action for trover implies not only that it is for personal property : it cannot be for any other; but that it is for converting the plain-tiff's property : it does not lie for any other. Merely describing it as an action of the case might perhaps not be considered as giv-ing notice enough, as there are several subdivisions of actions of the case.

The fourth objection, that the sheriff is really the party in interest, and that therefore a deputy sheriff could not serve the writ, we also consider untenable. The statute, Rev. Stat. chap. 178, § 3, in words extends only to cases where the sheriff him-self is a party. Is there anything in the reason of the case for construing it to extend to the case where a deputy sheriff is a party ? There is a sound reason why a writ against a sheriff should not be directed to his deputy. The deputy is under the control of the sheriff, and he could remove the deputy from office, and thus prevent the service of the writ. This reason, however, does not extend to the case of the deputy sheriffs, who are not responsible to each other, and not under each other's con-trol.                                                *Motion granted.*